1  SOLTMAN, LEVITT & FLAHERTY LLP
   2535 Townsgate Road, Suite 307
2  Westlake Village, California 91361
   Telephone: (805) 497-7706
3  Facsimile: (805) 497-1147

4  JOHN S. LEVITT, ESQ. - State Bar No. 110820
   Attorneys for DIOCESE OF TUCSON

5  QUARLES & BRADY STREICH LANG LLP
6  Firm State Bar No. 00443101
   One South Church Avenue
   Suite 1700
7  Tucson, AZ 85701-1621
   TELEPHONE 520.770.8700

8  Susan G. Boswell (AZ Bar No. 004791)
   Kasey C. Nye (AZ Bar No. 020610)
9
   Attorneys for Debtor, the Roman Catholic Church of the
10 Diocese of Tucson

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15 In re:

16 THE ROMAN CATHOLIC CHURCH OF
   DIOCESE OF TUCSON *aka* THE DIOCESE
17 OF TUCSON, an Arizona corporation sole,

18              Debtor.

19 JOHN MM DOE, an individual,                    Case No. CV04-10344 SJO (JTLX)

20              Plaintiff,

21      vs.

22 DOE 1; DOE 2; DOE 3; DOE 4; DOE 5; and
   DOES 6 through 100, inclusive,                 THIS CONSTITUTES NOTICE OF ENTRY
23                                                AS REQUIRED BY FRCP, RULE 77(d).
              Defendants.
24

25

26 **STIPULATION TO SEVER CAUSES OF ACTION AND TRANSFER
   VENUE**

27      The Roman Catholic Church of the Diocese of Tucson aka the Diocese of

28 Tucson ("Tucson Diocese"), an Arizona corporation sole, the debtor and debtor in

QUARLES & BRADY
STREICH LANG LLP
ATTORNEYS AT LAW
TUCSON

QBTUC\159554.1

FILED
CLERK, U.S. DISTRICT COURT

MAR - 8 2005

ENTERED
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

MAR  9 2005

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___



1    possession in the above captioned Chapter 11 reorganization case presently pending

2    before the United States Bankruptcy Court for the District of Arizona under Case

3    No. 4-04-bk-04721-JMM (the "Reorganization Case"), a defendant in the above

4    captioned removed civil proceeding (this "Case"), and the removing party; the

5    Defendant parishes located within the Tucson Diocese ("Arizona parishes"); and

6    John MM Doe, the Plaintiff in this Case, subject to court approval and the terms of

7    this agreement, hereby stipulate to: (1) sever the claims pending against the Tucson

8    Diocese and against Arizona parishes within the Tucson Diocese from the claims

9    against other defendants pursuant to Fed.R.Civ. P. 21; and (2) transfer the claims

10   pending against the Tucson Diocese and Arizona parishes to the United States

11   District Court for the District of Arizona for referral to the United States

12   Bankruptcy Court of the District of Arizona pursuant to 28 U.S.C. § 1412.

13   Plaintiff does not waive any rights with respect to his right to a jury trial under law.

## I.    RECITALS

15        1.    Plaintiff filed this Case in the Superior Court of California on October

16   6, 2003.  In the suit, the Plaintiff alleges that he is the victim of childhood sexual

17   abuse by a priest of the Roman Catholic Church who ministered at parishes under

18   the supervision of the Roman Catholic Church of the Diocese of Los Angeles (the

19   "Los Angeles Archdiocese") and under the Tucson Diocese during the 1980's.

20        2.    Plaintiff asserts that his action is timely under the California Code of

21   Civil Procedure 340.01, a statute which revived the statute of limitations for actions

22   based upon personal injuries resulting from childhood sexual abuse.

23        3.    As with more than 500 other claims pending against the Los Angeles

24   Archdiocese, Plaintiff's action was part of the Judicial Council Coordinated

25   Proceeding, JCCP Number 4286 (the "Coordination Proceeding").

26        4.    The Tucson Diocese is the debtor and debtor-in-possession in the

27   Reorganization Case which was commenced by filing a voluntary petition on

28   September 20, 2004 (the "Petition Date").    The Tucson Diocese filed the

1  Reorganization Case in order to reorganize its financial affairs pursuant to a plan of

2  reorganization that will, among other things, fairly, justly, and equitably

3  compensate the victims of sexual abuse by clergy or others associated with the

4  Tucson Diocese, while allowing the Tucson Diocese to continue its ministry and

5  mission and to attempt to finally bring healing to victims, parishioners and others

6  affected by the past acts of sexual abuse committed by clergy and others.

7        5.    On the Petition Date, the Tucson Diocese filed a Plan of

8  Reorganization (the "Plan") and its Disclosure Statement (the "Disclosure

9  Statement") in order to compensate victims of sexual abuse by providing, inter alia,

10  for the separate classification of "Tort Claims," defined in the Plan to be claims for

11  personal injury, including claims for emotional distress, arising from acts of sexual

12  abuse committed by clergy or other persons associated with Tucson Diocese or any

13  parish within Tucson Diocese.  Pursuant to the Plan, a Settlement Trust and a

14  Litigation Trust will be established.  All Tort Claimants will have their Claims

15  treated and resolved under either the Settlement Trust or the Litigation Trust.  The

16  Plan contemplates that Tort Claimants will participate in the Settlement Trust

17  unless they opt out and instead choose the Litigation Trust.  Anyone opting into the

18  Litigation Trust will have the right to have his or her claim determined by a jury.

19  This Case, to the extent it alleges claims against the Tucson Diocese, is a Tort

20  Claim that the Tucson Diocese contemplates treating under the Plan, either through

21  the Litigation Trust or the Settlement Trust.

22        6.    The Tucson Diocese and the Official Committee of Tort Claimants

23  appointed in this Reorganization Case are endeavoring to negotiate a consensual

24  confirmation of the Plan.

25        7.    On December 20, 2004, the Tucson Diocese filed a notice of removal

26  of this Case with this Court pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P.

27  9027.  The Tucson Diocese desires that the venue for this Case as it relates to the

28  claims against the Tucson Diocese and Arizona parishes be transferred to the

1  United States District Court for the District of Arizona for referral to the United

2  States Bankruptcy Court of the District of Arizona pursuant to 28 U.S.C. § 1412, as

3  with the other 23 personal injury tort actions pending against the Tucson Diocese.[1]

4          8.     The Plaintiff is willing to stipulate to the transfer of his claims against

5  the Tucson Diocese and the Arizona parishes if and only if: (a) his right to seek a

6  remand back to California State Court is preserved and unaffected; and, (b) the

7  change of venue does not prejudice in any way the California statue of limitations'

8  applicability to his claims.  But the Plaintiff does object to his claims against the

9  Los Angeles Archdiocese being separated from the Coordination Proceeding and

10  believes those claims should be remanded to California State Court.

11  The Tucson Diocese, Arizona parishes and the Plaintiff therefore agree as

12  follows:

13  **II.**   **AGREEMENT**

14          1.     The foregoing recitals are hereby incorporated by reference into the

15  Agreement provisions of this stipulation as though fully set forth in the Agreement.

16          2.     <u>Agreement to Sever Claims</u>. The Tucson Diocese, Arizona parishes

17  and the Plaintiff hereby agree, pursuant to Fed. R. Bankr. P. 7021 and Fed. R. Civ.

18  P. 21, to sever the Plaintiff's claims of liability against the Tucson Diocese, bishops

19  of the Tucson Diocese, and Arizona parishes (the "Tucson Claims") from the

20  Plaintiff's claims against the Los Angeles Archdiocese and other defendants (the

21  "L.A. Claims").

22          3.     <u>Agreement to Transfer Venue</u>. The Tucson Diocese, Arizona parishes

23  and the Plaintiff hereby agree, pursuant to 28 U.S.C. § 1412, to transfer venue as to

24  the Tucson Claims to the United States District Court for the District of Arizona for

25  referral to the United States Bankruptcy Court of the District of Arizona pursuant to

26

27

28  _____

[1] The Tucson Diocese is filing similar stipulations in each of the removed actions pending in California.

1  28 U.S.C. § 1412.  Plaintiff does not waive any rights with respect to his right to a

2  jury trial under law.

3        4.  <u>Agreements and Reservations of Rights Regarding Statue of</u>

4  <u>Limitations.</u>  The Tucson Diocese and Arizona parishes stipulate that the

5  applicability of the Cal. Code Civ. P. 340.01 statute of limitations on the Tucson

6  Claims remains unaltered by virtue of the change of venue and/or the removal to

7  the Federal Court.  But the Tucson Diocese and Arizona parishes hereby reserve all

8  of their affirmative defenses to the Plaintiff's claims as those defenses existed prior

9  to removal and transfer of venue, including, but not limited to, statute of limitations

10  related defenses.

11        5.  <u>Agreements and Reservations of Rights Regarding Removal</u>

12  <u>Jurisdiction</u>.  The Plaintiff stipulates that he will waive the procedural requirements

13  of 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027(a) as to removal of the Tucson

14  Claims.  But the Plaintiff hereby expressly reserves the right to seek remand for any

15  other reason, including but not limited to "any equitable reason" pursuant to 28

16  U.S.C. § 1452.  For purposes of considering the timeliness of a motion for remand,

17  the Tucson Diocese, Arizona parishes and the Plaintiff stipulate that the motion

18  shall be deemed for all purposes as filed on the date that this Case was removed

19  from the California State Court.  The Tucson Diocese hereby acknowledges and

20  stipulates that the sole basis for Federal Court jurisdiction in this Case is that the

21  Tucson Claims "related to" its Reorganization Case under 28 U.S.C. §1334.  The

22  Plaintiff is <u>not</u> waiving the procedural requirements of 28 U.S.C. § 1452 and Fed.

23  R. Bankr. P. 9027(a) as to removal of the L.A. Claims and asserts that the L.A.

24  Claims should be remanded to California State Court for participation in the

25  Coordination Proceedings.

26        6.  This Stipulation may be executed in several counterparts, including

27  facsimile signatures each of which will be a duplicate original and all of which will

28  constitute one and the same agreement.

1    7.    This Stipulation is the product of negotiations between the parties and

2    is not to be interpreted more strongly in favor of one party or the other in the

3    interpretation or enforcement thereof.

4    Dated: _____3/4____, 2005       SOLTMAN, LEVITT & FLAHERTY LLP

5    *8. All claims over which the Court has original jurisdiction are*

*hereby transferred to the District of Arizona. The Court*

6    *declines to exercise supplemental*

7    *jurisdiction over Plaintiff's*                          BY: _____

*remaining state law claims.*                          John S. Levitt, Esq.

8    *See 28 U.S.C § 1367(c)(3).*                          Attorneys for Diocese of Tucson

9    *Plaintiff's remaining state*                          -and-

*law causes of action are*

10   *hereby REMANDED to*                          QUARLES & BRADY STREICH LANG, LLP

11   *Los Angeles Superior Court.*                   One South Church Avenue, Suite 1700
                                                      Tucson, Arizona 85701
                                                      Susan. G. Boswell, Esq.

12                                                    Kasey C. Nye, Esq.

13

14   SOLTAN AND ASSOCIATES             CADIGAN & WILLIAMSON, P.L.C.
     555 Anton Blvd., Suite 1200       504 S. Stone Avenue
     Costa Mesa, CA 92626              Tucson, AZ 85701

15

16

17   By _____ for  By _____
     Venus Soltan                     Lynne M. Cadigan

18       Joseph Q. Kaufman             Kim Williamson

19   Attorneys for Plaintiff          Attorneys for Plaintiff

20   MANLY & MCGUIRE                   MESCH CLARK & ROTHSCHILD PC
     John Manly                       259 N. Meyer
     555 Anton Blvd., Suite 1200      Tucson, AZ 85701-1090

21   Costa Mesa, CA 92626

22

23   By _____ for  By: _____
     John Manly                       Lowell E. Rothschild

24                                     Michael McGrath

     Attorneys for Plaintiff          Attorneys for Arizona Parishes

25

26   SO ORDERED:

27   _____  3/8/05
     United States District Judge

28

QUARLES & BRADY
STREICH LANG LLP
ATTORNEYS AT LAW
Tucson

STATE OF CALIFORNIA, COUNTY OF VENTURA:

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 2535 Townsgate Road, Suite 307, Westlake Village, CA 91361.

    On March ___, 2005, I served the following document(s) described as **STIPULATION TO SEVER CAUSES OF ACTION AND TRANSFER VENUE (CV04-10344 (JTLx)** on all interested parties to this action, as follows:

☒    by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED MAILING LIST

☒    **BY MAIL:**  By placing a true copy thereof in a sealed envelope addressed as above, and placing it for collection and mailing following ordinary business practices.  I am readily familiar with Soltman, Levitt & Flaherty's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Westlake Village, California, in the ordinary course of business.

☐    **BY OVERNIGHT COURIER:**  I caused the above-referenced document(s) to be delivered to _____ for delivery to the above address(es).

☐    **BY FAX:**  I caused the above-referenced document to be transmitted via facsimile from Fax No. (805) 497-1147 to Fax No. _____ directed to _____.  The facsimile machine I used complies with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2005(1), I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

☐    **BY PERSONAL SERVICE:**  I caused such envelope to be delivered by hand to the addressee(s).

☐    [State]    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    [Federal] I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March ___, 2005 at Westlake Village, California.

_____
PAMELA ADLER

H:\O13-001\POS non electronic.wpd

1  Venus Soltan, Esq.
   Joseph Q. Kaufman, Esq.
2  Soltan And Associates
   555 Anton Blvd., Suite 1200
3  Costa Mesa, CA 92626

4  John Manly, Esq.
   MANLY & MCGUIRE
5  555 Anton Blvd., Suite 1200
   Costa Mesa, CA 92626
6
   Lynne M. Cadigan, Esq.
7  Kim Williamson, Esq.
   CADIGAN & WILLIAMSON, P.L.C.
8  504 S. Stone Avenue
   Tucson, AZ 85701
9
   J. Michael Hennigan, Esq.
10 HENNIGAN BENNETT & DORMAN LLP
   601 S. Figueroa Street, Suite 3300
11 Los Angeles, CA 90017

12 Susan G. Boswell, Esq.
   Kasey C. Nye, Esq.
13 QUARLES & BRADY STREICH LANG LLP
   One South Church Avenue, Suite 1700
14 Tucson, AZ 85701-1621

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2